1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RICHARD W. AND MICHELLE MORAN,          CASE NO. 10cv1366-LAB (RBB)

12                              Plaintiff,   **ORDER STRIKING NOTICE OF
          vs.                                LIS PENDENS**
13

14   AMERICAN GENERAL FINANCE,

15                              Defendant.

16

17        On September 21, Plaintiffs, who are proceeding *pro se*, filed a notice of *lis pendens*.

18   The notice was uncaptioned, signed by them, and notarized.  A notice of *lis pendens* is a

19   creature of California state law.  Under Cal. Code Civ. Proc. § 405.21, notices of *lis pendens*

20   may be signed by an attorney of record or by a judge of the court in which the action is

21   pending.  That section directs unrepresented party to request the judge to sign the notice,

22   and recognizes the judge's authority to approve such notices.  That same section provides:

23        A notice of pendency of action shall not be recorded unless (a) it has been
          signed by the attorney of record, (b) it is signed by a party acting in propria
24        persona and approved by a judge as provided in this section, or (c) the
          action is subject to Section 405.6.
25

26   Plaintiffs have not requested the Court's approval or signature, and the notice contains no

27   space for the Court's signature anything else that would indicate Plaintiffs are asking for the

28   Court's approval of the notice.  The other exceptions don't apply.

1    The explanatory notes to § 405.21 make clear that the Court's approval is required

2 to prevent misuse of such notices: "[t]he court's duty to review a lis pendens proposed by

3 a party *in propria persona* prior to [its] recordation is intended to aid in avoiding abuse of . . .

4 lis pendens procedures in actions prosecuted by parties *in propria persona*."  Here, that

5 purpose is particularly important because the notice is unacceptable in its present form.  It

6 contains a statement that Plaintiffs have adversely possessed the property for seven years.

7 This makes no sense, because the property at issue is Plaintiffs' own house.  The claim in

8 this case concerns a refinance of a mortgage on that house.  The doctrine of adverse

9 possession thus has no application here, and does not belong in a notice of *lis pendens*.

10    While the complaint identifies the street address of the property at issue, it also

11 identifies a lot and map number.  At this point, the Court has no assurance the lot and map

12 number correspond accurately to Plaintiffs' property.  This could create problems if, for

13 example, the notice were recorded on the wrong property.

14    The notice of *lis pendens* filed as docket number 19 in this case is therefore

15 **REJECTED** and the Clerk is directed to strike it and remove it from the docket.    If Plaintiffs

16 seek the Court's approval of a notice of lis pendens, they must file a request in the correct

17 pleading form, and include documentation showing that the property description is correct.

18 They must also submit a proposed notice for the Court's approval.

19    **IT IS SO ORDERED**.

20 DATED:  September 22, 2010

21

22    **HONORABLE LARRY ALAN BURNS**
   United States District Judge

23

24

25

26

27

28