# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. AND MICHELLE MORAN, <br><br>　　　　　　　　　　Plaintiffs,<br>　vs.<br><br>AMERICAN GENERAL FINANCE,<br><br>　　　　　　　　　　Defendant. | CASE NO. 10cv1366-LAB (RBB)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION;**<br><br>**AND**<br><br>**ORDER GRANTING MOTION TO DISMISS** |

On June 29, 2010, Plaintiffs Richard and Michelle Moran filed their complaint, styled "ORIGINAL PETITION AND PETITION FOR RESTRAINING ORDER," along with a motion for a "restraining order." The court denied a temporary restraining order and construed the motion as a motion for preliminary injunction. The parties then participated in an early neutral evaluation and extensive follow-up settlement discussions, which have failed to result in resolution of the disputes.

Defendant American General Finance then moved to dismiss, arguing essentially that the complaint didn't state any claims or even make any factual allegations against it.

## I.    Similar Complaints

During the Court's review of decisions in similar cases, it became apparent that the Morans' complaint is substantially identical to complaints filed in several district courts

around the United States. On February 24, 2011, in a separate case, *Lefton v. GMAC Mortgage*, 10cv1781-LAB (NLS) (filed August 25, 2010), the Court issued an order screening such a complaint and dismissing it as frivolous. This order repeats much of the reasoning set forth in the *Lefton* screening order. Besides this case and *Lefton*, the Court has been able to identify at least six cases filed during the summer of 2010:

- *Wyatt Geans v. Oxford Bank*, 10cv13160-BAF (E.D. Mich., filed August 10, 2010).
- *Heather Kirschen Rippere v. Wells Fargo Bank, N.A.*, 10cv3532-WHA (N.D.Cal., filed August 11, 2010).
- *Edward & Renee Fisher v. Bank of America Home Loans*, 10cv3079-PA (D.Or., filed August 18, 2010).
- *Thomas Ray v. HSBC Bank, N.A.*, 10cv175-MR (W.D.N.C., filed August 20, 2010).
- *Ned & Kelly Carlsen v. One West Bank FSB*, 10cv80986-WPD (S.D.Fla., filed August 24, 2010).
- *Sullivan v. Quality Loan Service Corp.*, 10cv436-BLW (D.Id., filed August 27, 2010.)

These lengthy complaints (all also styled "ORIGINAL PETITION") have, in part, been individualized by filling in different plaintiffs' and defendants' names, contact information for the parties, and amount of damages sought, and adding or omitting some sections.

At least four other courts have already addressed the complaints' adequacy. In *Ray*, Judge Reidinger denied a motion for a temporary restraining order, noting "In essence, the complaint is a harangue against the lending industry with no specific allegations against HSBC." *Ray v. HSBC Bank*, 2010 WL 3528554, slip op. at *1 (W.D.N.Y., Sept. 3, 2010). Judge Reidinger aptly described the complaint as containing "rambling, inarticulate accusations against the banking industry in general," *id*., and making factually inconsistent allegations. For example, the order points out that the complaint makes accusations against an "Agent" but doesn't identify who or what the "Agent" is. *Id*. It inexplicably refers to "defendants" without identifying who, other than HSBC, was a defendant. *Id*. Judge Reidinger concluded the complaint was "most likely frivolous," cautioned the plaintiffs about

///

1 | sanctions under Fed. R. Civ. P. 11, and concluded "The Plaintiff is heartily encouraged to
2 | consult an attorney before continuing with this litigation." *Id*. at *2.

3 |     Similarly, in *Fisher*, Judge Panner issued a detailed order dismissing the complaint
4 | for failing to meet the standard set forth in Fed. R. Civ. P. 8. *Fisher v. Bank of America*
5 | *Home Loans*, 2010 WL 4296609 (D.Or., Oct. 21, 2009). The order pointed out the complaint
6 | fell far short of the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S.
7 | 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). 2010 WL 4296609,
8 | slip op. at *2 ("The sparse factual allegations, taken as true, simply do not raise any viable
9 | claims.") Among other things, the order pointed out that the complaint relied almost wholly
10 | on conclusions, and failed to connect the defendant with the harm the plaintiffs claim to have
11 | suffered. *Id*. at *2–*4.

12 |     In *Carlsen*, Judge Dimitrouleas granted the Defendant's motion to dismiss in a brief
13 | order on the merits. 2010 WL 4123573 (S.D.Fla., Oct. 20, 2010).

14 |     Finally, in *Sullivan*, Judge Winmill, in ruling on another lender's motion to intervene,
15 | noted the same types of defects, concluding the complaint failed to allege cognizable claims,
16 | and determining the complaint had to be dismissed. 2011 WL 124280, slip op. at *5–*6
17 | (D.Id., Jan. 11, 2011).

**II.   Motion to Dismiss**

19 |     The Court agrees with these four other courts that the complaint here, which makes
20 | the same allegations as the substantially identical complaints before them, fails to state a
21 | claim, and must therefore be dismissed. It falls far short of the pleading requirements set
22 | forth in Fed. R. Civ. P. 8.

**III.   Fed. R. Civ. P. 11**

24 |     Beyond simply lacking merit, the complaint is filled with allegations it is doubtful were
25 | reasonably investigated. *See Ray*, 2010 WL 3528554, at *2. The Morans' opposition to the
26 | motion to dismiss is unresponsive to the motion, simply repeating elements from the
27 | complaint and asserting they are adequately alleged.
28 | / / /

Fed. R. Civ. P. 11(b) provides, in part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Here, the complaint and the opposition to the motion to dismiss rely on allegations, legal theories and arguments the Morans apparently copied from some other source without understanding what they meant. Indeed, it is difficult to see how they could even have believed they understood what these vague pleadings mean.

Just to point out a few examples, the complaint refers to the sole Defendant, American General Finance, as "Defendants" and alleges "Defendants" conspired among themselves. (*See, e.g., id.* at 9:242–243[1] ("Defendants, by and through Defendant's Agents, conspired with other Defendants, et al, toward a criminal conspiracy to defraud Petitioner." (*sic*).) Separate terms, such as "Agent" and "Lender" are used to describe other actors who are not named as parties and never identified. (*See, e.g., id.* at 19:537–540 ("Defendants Agent, appraiser, trustee, Lender, et al, and each of them, owed Petitioner a fiduciary duty of care . . . . Defendants breached their duty to Petitioner . . . ." (*sic*).)

The complaint includes allegations that are, by all indications, completely speculative. For instance, in the "Unjust Enrichment" section beginning on page 17, the complaint says "Petitioner is informed and believes that each and all of the Defendants received a benefit at Petitioner's expense, including but not limited to the following: to the Agent, commissions, yield spread premiums, spurious fees and charges, and other 'back end' payments in

---

[1] Rather than numbering the lines on each page (lines 1 through 28 on a standard double-spaced pleading), the numbering is continuous. The last line in the complaint is numbered 707.

amounts to be proved at trial . . . ." (Compl., 17:491–494.) But the complaint describes "Agent" as an abstract concept. (*See, e.g., id.* at 5:129–31 ("Hereinafter, the person or entity who receives any portion of the yield spread premium or a commission of any kind consequent to securing the loan agreement through or from the borrower will be referred to as 'Agent.'").) Aside from the fact that no Agent is named as a Defendant, the Morans, accepting the complaint at face value, don't know who or what the Agent is, or what other payments (other than the "yield spread premium" included in the definition) the Agent (or Agents) may have received. They therefore have no basis for representing that they have been informed and believe that "Agent" did all the things they allege. This is just one of many similar instances.

It also bears noting that the eight complaints even share the same unusual typefaces, unnecessary underlinings, and typographical errors. It isn't certain where the Morans got their complaint from, or whether they wrote it themselves and others later copied from them. But much of it appears to have been taken from some other sources, and the complaint itself bears signs it was created by filling out a form. (*See, e.g.,* Compl., 1:16–18 ("Petitioner, on the 5th day of January, 2006, entered into a consumer contract for the refinance of a primary residence <u>located at Richard W. & Michele Moran</u>, 4366 Conner Court San Diego , CA 92117, hereinafter referred to as the 'property.'" (emphasis added).)

Cutting and pasting text wholesale with an uncritical eye and with no regard for whether the allegations are supported by facts or law is a violation of Rule 11. If that is what they did, Rule 11(c) allows the Court to sanction them after notice and an opportunity to be heard.

**III.     Motion for Preliminary Injunction**

Plaintiffs seeking a preliminary injunction must prove they are entitled to this "extraordinary remedy." *Earth Island Institute v. Carlton*, 626 F.3d 462, 469 (9th Cir., 2010) (quoting *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 129 S.Ct. 365, 376 (2008)). Issuance of a preliminary injunction requires a showing of likely success on the merits, or at least serious questions going to the merits. *Alliance for The Wild Rockies v. Cottrell*, ___

F.3d ___, 2011 WL 208360 (9th Cir., Jan. 25, 2011).  The Morans have shown neither, however.

### IV. Conclusion and Order

For the reasons explained in this order, the complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.  If the Morans wish to amend their complaint, they may do so no later than the close of business on **March 21, 2011**.

If the Morans amend their complaint, they must at the same time file a memorandum of points and authorities, not longer than fifteen pages, showing why they should not be sanctioned under Rule 11(c) for misrepresenting that they had made an inquiry that was reasonable under the circumstances, and confirmed that their factual contentions and claims met the standard of Rule 11(b)(1) and (2).  The page limit does not include any material attached as an exhibit to the memorandum or lodged with the court.  The memorandum must explain where they got the text for the complaint, and what inquiries they made to confirm it was appropriate to file.  If they consulted with an attorney or someone they thought was an attorney, they must identify that person by name and provide the person's business address or other contact information, but they need not reveal any privileged communications.

If the Morans fail to file an amended complaint within the time permitted, this action will be dismissed without leave to amend.  If they amend but fails to show cause as ordered, the amended complaint will be dismissed with prejudice as a sanction for violation of Rule 11.

**IT IS SO ORDERED**.

DATED: February 28, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge